# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SAM L. PETTERSON**, | Case No. 6:17-cv-1536-JE |
| Petitioner, | **ORDER** |
| v. | |
| **DAVE WILSON**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued Findings and Recommendations in this case on June 9, 2020. ECF 54. Judge Jelderks recommended that the Court deny Petitioner Sam Petterson's ("Petterson") Petition for Writ of Habeas Corpus (ECF 2), dismiss the case with prejudice, and decline to issue Petitioner a Certificate of Appealability.

Under the Federal Magistrates Act (Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petterson, appearing *pro se*, timely filed an objection (ECF 59), to which Respondent responded (ECF 60). Petterson objects both to Judge Jelderks's recommendation that the Court find that the Oregon post-conviction relief court ("PCR court") did not unreasonably apply Supreme Court precedent in concluding that Petitioner's counsel was not deficient and to Judge Jelderks's recommendation that the Court find that 23 of Petterson's claims were procedurally defaulted.

Petterson objects first to Judge Jelderks's recommendation that the Court find that the PCR court did not unreasonably apply Supreme Court precedent—namely, *Strickland v. Washington*, 466 U.S. 668 (1984)—in concluding that Petterson's counsel was not deficient and therefore Petterson's sentence was not the result of ineffective assistance of counsel. When a state court has adjudicated a claim later raised in a habeas petition on the merits, the Antiterrorism and Effective Death Penalty Act ("AEDPA") permits the Court to afford relief

only if the state court's adjudication (1) was "based on an unreasonable determination of facts,"

(2) was "contrary to" Supreme Court precedent, or, as Petterson contends is the case here,

(3) "involved an unreasonable application of" Supreme Court precedent. 28 U.S.C. § 2254(d). A

state court's application of Supreme Court precedent is unreasonable only "where there is no

possibility fairminded jurists could disagree that the state court's decision conflicts with

[Supreme Court] precedent." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

To demonstrate ineffective assistance, a petitioner must show both (1) that counsel's

performance was deficient and (2) that counsel's deficient performance prejudiced the petitioner;

*i.e.* there is a reasonable probability that, but for the deficient performance, the result of the

proceeding would have been different. *Strickland*, 466 U.S. at 687-88. Counsel's performance is

constitutionally deficient only where it falls below an objective standard of reasonableness. *Id.* A

"court must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance; that is, the defendant must overcome the presumption that,

under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "The challenger's burden is to

show 'that counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Harrington*, 562 U.S. at 104 (quoting

*Strickland*, 466 U.S. at 687). With respect to investigations, *Strickland* provides that "counsel has

a duty to make reasonable investigations or to make a reasonable decision that makes particular

investigations unnecessary." 466 U.S. at 691.

Petterson contends that, because, "[t]rial counsel admitted that he did not explore the

possibility of obtaining a psychosexual evaluation to present as mitigating evidence" the first

*Strickland* prong—deficiency—is "clearly satisf[ied]." Petitioner further asserts that Judge

Jelderks erred in finding that the PCR court did not unreasonably apply Supreme Court precedent when it found counsel's performance was not deficient. Failure to investigate for mitigation evidence is not *per se* deficient performance. When the failure to investigate is the result of a "reasonable decision," counsel is not deficient. *Strickland*, 466 U.S. at 691. Here, the PCR court was presented with evidence that counsel's decision was reasonable. Petterson's trial counsel submitted a declaration stating that Petterson and counsel mutually agreed not to seek a psychosexual evaluation because "Mr. Petterson was concerned about what else might be disclosed . . . if he had a psychosexual evaluation." ECF 21-2 at 126. Other examples of Petterson's sexually deviant behavior—behavior that might have been included in a psychosexual report—included:

> hidden cameras in a family bathroom going back to a time during a prior relationship; orchestrated and recorded sexual contact with a dog by his wife in which he was reported to have participated as well; and the dynamics of his behavior in contacting several couples for sexual conversations about "taboo" subjects through Craigslist; etc.

ECF 21-4 at 167. These revelations would have harmed rather than aided Petterson at sentencing.

Counsel stated to the PCR court that the decision not to have Petterson undergo a psychosexual evaluation was a strategic one made jointly with Petterson. There was evidence before the PCR court supporting the strategic value of that decision. In light of this evidence, as well as the deference AEDPA requires the Court afford the PCR court, the Court cannot conclude that the PCR court unreasonably applied *Strickland* in concluding that counsel's decision not to have Petterson undergo a psychosexual evaluation was reasonable. The Court agrees with Judge Jelderks's reasoning regarding Petterson's *Strickland* claim and adopts those portions of the Findings and Recommendation.

Petterson also objects to Judge Jelderks's conclusion that 23 of Petterson's 25 claims were procedurally defaulted because Petterson failed to raise them to the Oregon Court of Appeals during that court's review of the PCR court's decision denying Petterson relief. Petterson's appellate counsel declined to bring those 23 claims before the Oregon Court of Appeals despite Petterson's request that appellate counsel raise all 25 claims. Petterson argues that Judge Jelderks should have found that the claims were not procedurally defaulted because Petterson's failure to raise the claims to the Oregon Court of Appeals was the result of ineffective assistance by appellate counsel.

Generally, when a petitioner brings a claim before a federal habeas court that he did not raise before the appropriate state court, that claim is procedurally defaulted. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). That is true even where the petitioner's failure to raise a claim before the appropriate state court is the result of ineffective assistance of counsel during initial-review collateral proceedings in state court. *Maples v. Thomas*, 566 U.S. 266, 281 (2012) (discussing *Coleman v. Thompson*, 501 U.S. 722 (1991)). A petitioner's claim of ineffective assistance of counsel during trial is not procedurally defaulted, however, if state law does not permit a defendant to raise ineffective assistance of counsel on direct appeal[1] and petitioner's failure to raise ineffective assistance of trial counsel during his initial-review collateral proceeding was the result of ineffective assistance of counsel during petitioner's initial-review collateral proceeding. *Martinez v. Ryan*, 566 U.S. 1, 8-9 (2012).[2] This exception—based on

---

[1] Oregon law does not permit defendants to bring ineffective assistance of counsel claims on direct appeal. *State v. Robinson*, 25 Or. App. 675, 675 (1976).

[2] *Trevino v. Thaler*, 569 U.S. 413 (2013), slightly extended this exception to include cases where state law did not "expressly require the defendant to raise a claim of ineffective assistance of trial counsel in an initial collateral review proceeding" but nevertheless made "it 'virtually impossible for appellate counsel to adequately present an ineffective assistance [of

principles of equity, *id.* at 16—is "necessary to ensure that a meritorious trial error . . . receives review." *Davila v. Davis*, 137 S. Ct. 2058, 2066 (2017).

Petterson asks the Court to extend the exception established in *Martinez* to ineffective assistance of counsel during a petitioner's appeal from an initial-review collateral proceeding. Extending *Martinez* is particularly necessary here, Petterson argues, because in *Johnson v. Premo*, 355 Or. 866 (2014), the Oregon Supreme Court "made clear that a PCR petitioner who is represented by counsel . . . does not have a right to independently raise and preserve arguments that counsel fails to raise."

The Court declines to extend *Martinez* as requested by Petterson. *Martinez* recognized only a "narrow exception" to the general rule that ineffective assistance of counsel in collateral proceedings does not excuse procedural default. 566 U.S. at 8-9. Further, *Martinez* expressly declined to extend this exception to circumstances such as Petterson's. *Id.* at 16 (explaining that the exception did not extend to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings"). Petterson's contention that the Oregon Supreme Court does not permit petitioners represented by counsel to independently raise claims for post-conviction relief not raised by counsel on appeal does not justify extending *Martinez*.[3] *Martinez*

---

counsel] claim' on direct review." 569 U.S. at 423 (quoting *Robinson v. State*, 16 S.W.3d 808, 810-11 (Tex. Crim. App. 2000)) (emphasis omitted).

[3] The Court notes that a petitioner's ability to alert Oregon appellate courts to a disagreement between petitioner and counsel regarding which of petitioner's claims should be raised on appeal is not as limited as Petterson believes. Oregon Rule of Appellate Procedure 5.92(1) permits a petitioner represented by court-appointed counsel—as Petterson was—to move for leave to file a supplemental *pro se* brief when the petitioner is dissatisfied with the brief filed by counsel. Or. R. App. P. 5.92(1). *Johnson* and the other cases cited by Petterson do not address Rule 5.92(1), much less abrogate it. Rather, those cases discuss the availability of so-called *Church* motions, named for *Church v. Gladden*, 244 Or. 308 (1966).

*Church* held that a petitioner could not file a second petition for post-conviction relief raising claims not raised in his first petition, even if the claims were claims the petitioner sought to raise in his first petition but that counsel refused to raise. 244 Or. at 311-12. To preserve these

protects against the risk that, where state law permits petitioners to bring ineffective assistance of

trial counsel claims only on collateral review, ineffective assistance during initial-review

collateral proceedings could result in no court—state or federal—reviewing a petitioner's

ineffective assistance of trial counsel claim. Petterson's ineffective assistance of trial counsel

claim was reviewed; it was heard by the PCR court before whom Petterson was adequately

represented by counsel. The concerns animating *Martinez* are not present here. The Court agrees

with Judge Jelderks's reasoning regarding Petterson's procedural default of 23 claims and adopts

those portions of the Findings and Recommendations.

---

claims, *Church* held, the petitioner should have informed the *initial-review court* hearing his first petition of counsel's failure to raise the claims and asked that court to remove counsel or require counsel to raise the additional claims. *Id.*

 *Johnson* did not change this. In *Johnson*, a petitioner represented by counsel argued that *Church* entitled him to make several *pro se* motions in his appeal from a state post-conviction relief hearing. 355 Or. at 868-69. These motions were not about any disagreement between petitioner and his counsel about which of petitioner's claims should be raised. *Id.* The Oregon Supreme Court rejected petitioner's interpretation of *Church* because it would permit a form of hybrid representation not countenanced by Oregon statutes. *Id.* at 877. *Church*, the Oregon Supreme Court explained, merely provided that "[i]f a post-conviction petitioner's attorney fails to assert a ground for relief, the petitioner must bring that fact to the attention of the court to avoid [*res judicata* as to the unraised claims]." *Id.* Additionally, *Johnson* declined to delineate the role of *Church* in appeals from post-conviction hearings, noting that, because none of the petitioner's *pro se* motions concerned a disagreement with counsel about what claims to raise on appeal, *Church* would be inapplicable regardless. *Id.* at 877-78. *Johnson* did not discuss Rule 5.92(1).

 Thus, Petterson potentially had three mechanisms for alerting the Oregon Court of Appeals to his disagreement with appointed counsel about which of his post-conviction relief claims to raise on appeal. First, neither *Johnson* nor cases that follow it—*Bogle v. State*, 363 Or. 455 (2018) and *Walton v. Myrick*, 301 Or. App. 740 (2020)—abrogate Rule 5.92(1). Petterson could have filed a motion with the Oregon Court of Appeals under that rule. Second, although *Church* motions are intended for initial-review collateral proceedings, *Johnson* declined to take a position on whether a proper *Church* motion—that is, one alerting the court to a disagreement between petitioner and counsel about which of petitioner's claims for post-conviction relief counsel should raise—could be brought to an appellate court. Petterson could have therefore brought a *Church* motion before the Oregon Court of Appeals. Finally, as Judge Jelderks notes, had those mechanisms failed, Petterson could have proceeded *pro se* before the Oregon Court of Appeals and presented any claim he wished.

The Court **ADOPTS** Judge Jelderks's Findings and Recommendation (ECF 54).

Petterson's Petition for Writ of Habeas Corpus (ECF 2) is **DENIED**. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

 **IT IS SO ORDERED.**

 DATED this 23rd day of September, 2020.

*/s/ Michael H. Simon*   

Michael H. Simon

United States District Judge
